872 F.2d 1025
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gerald GRIGGS, Defendant-Appellant,
v.
UNITED STATES of America, Plaintiff-Appellee.
 No. 88-5605.
 United States Court of Appeals, Sixth Circuit.
 March 30, 1989.
 
 Before MERRITT and DAVID A. NELSON, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 This federal prisoner, with the assistance of counsel, appeals the district court's order denying his motion to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. Sec. 2255. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and the briefs, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Following a jury trial, Gerald Griggs was convicted of conspiracy to commit murder for hire in violation of 18 U.S.C. Sec. 371. The conviction was affirmed on appeal. United States v. Griggs, No. 86-6301 (6th Cir. Nov. 4, 1987) (per curiam).
 
 
 3
 In his motion to vacate sentence, Griggs alleged that his conviction and sentence were illegal because the trial court did not adequately advise him of his right to separate counsel as required by Fed.R.Crim.P. 44(c). He also asserted a claim for ineffective assistance of counsel based on joint representation.
 
 
 4
 The matter was referred to a magistrate who determined that Griggs failed to demonstrate an actual conflict of interest to support either of his claims. The magistrate recommended that the motion to vacate should be denied. Upon de novo review in light of Grigg's objections, the district court adopted the magistrate's report as its own and denied the motion. On appeal, Griggs argues that the trial court has an affirmative duty to advise a defendant of the potential hazards inherent in joint representation.
 
 
 5
 Upon review, we conclude that Grigg's argument lacks merit. Griggs failed to present adequate grounds for relief under 28 U.S.C. Sec. 2255 because he failed to demonstrate an actual conflict resulting from joint representation. See United States v. Bradshaw, 719 F.2d 907, 914-15 (7th Cir.1983).
 
 
 6
 Griggs does not address the district court's denial of his claim of ineffective assistance of counsel. Issues not raised on appeal are deemed to be abandoned and need not be addressed by the reviewing court. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 7
 Accordingly, the district court's order is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.